IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV458-H

| | |
|---|---|
| KIMBERLY IMAN, individually and as Administratrix of the Estate of ROBERT WAYNE IMAN, ) ) ) ) Plaintiff, ) ) vs. ) ) KEFFER MANAGEMENT CO., LLC., and LIBERTY PONTIAC-GMC TRUCK, INC., ) ) ) ) ) Defendants. ) ) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on the Defendant's "Motion to Dismiss" (document #4) and "Memorandum in Support ..." (document #5), both filed November 4, 2005; and the "Plaintiff's Response ... " (document #14) filed January 16, 2006. On January 31, 2006, the Defendants filed their "Reply ..." (document #16). The Plaintiff has not filed a reply brief, and the time for filing a reply has expired.

The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c), and this motion is now ripe for determination.

Having carefully considered the parties' arguments, the record, and the applicable authority, the undersigned will grant in part and deny in part the Defendant's Motion to Dismiss, as discussed below.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This is an action seeking damages, that is, unpaid life insurance benefits, pursuant to state law claims for breach of contract and unfair and deceptive trade practices. The Plaintiff Kimberly

Iman is a citizen of Mecklenburg County, North Carolina, and the Defendants, Keffer Management Co., LLC., and its subsidiary, Liberty Pontiac-GMC Truck, Inc. (collectively "Liberty"), are respectively a North Carolina limited liability company and a North Carolina corporation engaged in the business of selling automobiles in Mecklenburg County.

Relevant to the pending motion, on March 16, 2004, Liberty hired the Plaintiff's husband, Robert Wayne Iman, as a sales associate. The same day, Mr. Iman was given a copy of Liberty's Employee Handbook, which described, among other things, various benefits available to employees.

According to the Handbook, each Liberty employee who worked more than 30 hours per week (an "Eligible Employee") was covered under a Group Life insurance policy ("Group Life") in the amount of $10,000, at no cost to the employee. An employee became eligible to participate in Group Life at the same time he became eligible for Group Health insurance, that is, the first day of the month following 90 days of continuous employment by the employee.

Additionally, any Eligible Employee could elect to purchase Voluntary Life insurance ("Voluntary Life") in $10,000.00 increments, up to a maximum of $100,000, with the premium deducted from the employee's paycheck. Unlike Group Life coverage, however, the Handbook does not identify any effective date or eligibility date for Voluntary Life.

The Plaintiff alleges that on his first day of work, March 16, 2004, Mr. Iman submitted an application for enrollment in Voluntary Life and requested coverage in the amount of $100,000.00, and that payroll deductions for the insurance premiums were taken from Mr. Iman's paychecks.

Mr. Iman worked for Defendants continuously until June 20, 2004, when he died.

On June 23, 2004, Brenda Johnson, Liberty's Human Resources Manager, sent a letter to the Plaintiff stating that Mr. Iman had both a Group Life policy and a Voluntary Life policy with Jefferson Pilot Financial Insurance Company ("Jefferson Pilot") in a combined amount of $110,000.00, a statement

which Liberty now characterizes as "mistaken" and "inaccurately based on the belief that the effective date for coverage [under both policies] was June 16, 2004 [90 days after Mr. Iman began working rather than] ... July 1, 2004," the first day of the month following the 90-day period.

Thereafter, Ms. Johnson prepared claim forms for both Group Life and Voluntary Life, which Jefferson Pilot subsequently denied.

On September 14, 2005, the Plaintiff filed her Complaint in the Superior Court of Mecklenburg County, alleging causes of action for breach of contract and a North Carolina statutory claim for unfair and deceptive trade practices, and expressly basing her claims on the provisions of the Handbook discussed above.

On November 1, 2005, the Defendants removed the state court action to federal court, alleging that both of Plaintiff's claims "relate to" an employee benefit plan covered by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, et seq. ("ERISA") and, therefore, provide a basis for federal question jurisdiction.

On November 4, 2005, the Defendants filed a "Motion to Dismiss" (document #4) both of the Plaintiff's claims, although they cite no authority in support of their contention that the breach of contract claim, which, as discussed below, has been re-characterized as an ERISA claim, must be dismissed.

On November 16, 2005, the Plaintiff filed her Motion to Remand this matter to state court, but did not dispute that Liberty's employee benefit plan, including the life insurance coverage, is covered by ERISA. The next day, the Plaintiff filed a Motion for Extension of Time to file her response to the Motion to Dismiss until 14 days after the Court ruled upon her Motion to Remand.

On December 2, 2005, the undersigned granted the Plaintiff's Motion for Extension of Time. See "Order" (document #11).

3

On December 27, 2005, the undersigned denied the Plaintiff's Motion to Remand. See "Memorandum and Order" at 5-6 (document #13) (subject matter jurisdiction exists based on ERISA preemption of state law claims).

The Defendants' Motion to Dismiss has been fully briefed as set forth above and is, therefore, ripe for determination.

## II. DISCUSSION

### A. Standard of Review

"A motion to dismiss under [Fed. R. Civ. P. 12(b)(6)] tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir.), citing 5A C. Wright & A. Miller, Fed. Practice and Procedure §1356 (1990).

"A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of [the subject] claim." McNair v. Lend Lease Trucks, Inc., 95 F.3d 325, 328 (4th Cir. 1996)(en banc), citing Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989); and Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969). Accord Republican Party of NC, 980 F.2d at 952 ("A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief") (internal citation omitted). However, the district court is not required to accept as true the legal conclusions set forth in a plaintiff's complaint. Edwards, 178 F.3d at 244.

In considering a Rule 12(b)(6) motion, the complaint must be construed in the light most favorable to the plaintiff, assuming factual allegations to be true. See, e.g., Hishon v. King &

4

Spaulding, 467 U.S. 69, 73 (1984); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); Martin Marietta v. Int'l Tel. Satellite, 991 F.2d 94, 97 (4th Cir. 1992); and Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989).

### B. Breach of Contract Claim

As the Court has previously determined, the Plaintiff's breach of contract claim is preempted by ERISA because that claim "relates to" the Defendants' employee benefit plan which is covered by that statutory scheme. See 29 U.S.C. § 1144(a). Moreover, as the Defendants concede in their Reply, that claim is properly re-characterized as an ERISA claim. Accord Darcangelo v. Verizon Communications, Inc., 292 F.3d 181, 186 (4th Cir. 2002) (plaintiff's "breach of contract" claim was preempted and re-characterized under 29 U.S.C. §1132 and 29 U.S.C. §1144 even though plaintiff did not specifically reference the ERISA plan but did seek to enforce the terms of the ERISA plan); and Lippard v. Unumprovident Corp., 261 F.Supp.2d 368, 375 (M.D.N.C. 2003) (to the extent that breach of contract claim "falls within the scope of ... [ERISA it] must be treated as federal cause of action").

As noted above, the Defendants cite no authority in support of their contention that the Plaintiff's re-characterized ERISA claim must be dismissed, but rather contend that she will be unable to establish the facts necessary to support that claim. Such a determination is for a later date, however, and, accordingly, the Defendant's Motion to Dismiss that claim will be denied.

### C. Unfair and Deceptive Trade Practices Claim

Concerning the Plaintiff's remaining state law claim, where the remedy she seeks is recovery of unpaid employee benefits, it is well settled that her unfair and deceptive trade practices claim is preempted by her re-characterized ERISA claim discussed above. See, e.g., Darcangelo, 292 F.3d at 194 (unfair and deceptive trade practice claim not preempted only to extent plaintiff sought relief for

employer's deliberate and unnecessary disclosure of plaintiff's confidential medical records to a third party in an attempt to retaliate against and embarrass the plaintiff); Bedrick v. Travelers Ins. Co., 93 F.3d 149, 151 (4th Cir. 1996) (where failure to pay benefits was only allegation, unfair and deceptive trade practice claim preempted); Powell v. Chesapeake & Potomac Telephone Company of Virginia, 780 F.2d 419, 421 (4th Cir. 1985) (same); and Lippard, 261 F.Supp.2d 368, 376-77 (M.D.N.C. 2003) (same). Accordingly, the Defendants' Motion to Dismiss the Plaintiff's unfair and deceptive trade practices claim will be granted.

### III. ORDER

**NOW, THEREFORE, IT IS ORDERED:**

1. The Defendant's "Motion to Dismiss" (document #4) is **GRANTED IN PART** and **DENIED IN PART**, that is, **GRANTED** as to the Plaintiff's unfair and deceptive trade practices claim under N.C. Gen. Stat. § 75-1.1 which is **DISMISSED WITH PREJUDICE**, but **DENIED** as to the Plaintiff's re-characterized ERISA claim.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED, ADJUDGED AND DECREED.**

Signed: January 30, 2006

_____
Carl Horn, III
United States Magistrate Judge